520 So.2d 635 (1988)
STATE of Florida, Appellant,
v.
Roy C. BENNETT and Vincent L. Williams, Appellees.
No. 4-86-3041.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellant.
Alexander M. Siegel of Alexander M. Siegel & Assoc., P.A., Fort Lauderdale, for appellee-Bennett.
Barry E. Krischer of Salnick and Krischer, West Palm Beach for appellee-Williams.
PER CURIAM.
AFFIRMED.
HERSEY, C.J., and LETTS, J., concur.
GLICKSTEIN, JJ., concurs with opinion.
GLICKSTEIN, Judge, concurring.
Having served briefly on the trial bench in the criminal division, the writer recalls with pleasure the time spent working on orders on motions to suppress. Thus, the writer appreciates the time trial courts spend, as here, in crafting such orders. The present order reads in part:
The significant issue raised is whether or not the car could be stopped for investigative purposes for a past offense. It could be stopped for past offenses. The unknown question in constitutional law is whether it could be stopped for investigation of past offenses which were misdemeanors *636 and not felonies. U.S. v. Hensley, [469 U.S. 221], 105 S.Ct. 675 [83 L.Ed.2d 604] (1985). The United States Supreme Court in Hensley specifically avoided deciding whether "Terry" stops could be made to investigate crimes that were not felonies. To date they have not decided this question.
No cases have been cited and none are known in Florida that decide this question: whether or not a suspect of a past misdemeanor may be stopped for purely investigative purposes, when no arrest of that person is expected to take place.
In my judgment, stops to investigate suspects of past misdemeanors are not permissible. The United States Supreme Court in Terry held that a stop did not fall under the warrant requirement of the Fourth Amendment but instead under the Fourth Amendment's general proscription against unreasonable searches and seizures. Terry v. Ohio, [392 U.S. 1], 88 S.Ct. 1868 [20 L.Ed.2d 889] (1968), note 17. Therefore the question is whether or not a stop to investigate the suspect of a prior misdemeanor is unreasonable.
The police unquestionably could not have arrested their suspect, even if he had confessed. The police were not trying to obtain evidence from a third party witness whom they might not otherwise be able to find. They were trying to obtain information from the suspect himself whom if they wished to charge, would have to find him again [sic].
In today's case we have particular facts that make this particular stop more unreasonable than stops in general because here the police were stopping a suspect, trying to avoid the proscriptions of the Fourth Amendment for the purpose of trying to avoid the proscriptions of the Fifth Amendment. (See Terry, dissent n. 4.)
Appellate judges usually do not experience the pressure which the public puts upon a trial judge in the criminal division. When one identifies himself as an appellate judge, there is often no response, because the listener does not know what such judge is. This court's opinions are often reported with the introduction "The Fourth District Court of Appeal today said," without mention of the panelists' names. This court does not see jurors or witnesses, and only rarely sees parties or media reporters. A trial judge who is "lenient" in a high profile criminal case can find a public albatross around his or her neck that pulls the judge down from the bench, even though or perhaps because that judge is a "mensch," which is defined as "[a] person having admirable characteristics, such as fortitude and firmness of purpose." The American Heritage Dictionary of the English Language 820 (1979).
In contrast, anybody in a black robe can be a surrogate for the state and receive a thumbs up. It does not require moral courage to be a majoritarian.